IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL WATERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-CV-2909 |
| | : | |
| GENESIS HEALTH VENTURES, INC. | : | |
| | : | |

SURRICK, J.                                                                                       NOVEMBER 23, 2005

### MEMORANDUM & ORDER

Presently before the Court are Defendant Genesis Health Ventures, Inc.'s Motion In Limine (Doc. No. 67) and Plaintiff Jill Waters's Response thereto (Doc. No. 98). For the following reasons, Defendant's Motion will be granted in part and denied in part.

### I.   FACTUAL BACKGROUND

Plaintiff, a Caucasian female, was employed by Defendant for ten years until her employment was terminated on September 23, 2002. (Joint Case Report, Doc. No. 6 at 2, 5.) On May 2, 2003, Plaintiff filed a Complaint against Defendant alleging discrimination on the basis of "age (59) and/or disability" in violation of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), as well as retaliation.[1] (Doc. No. 1 at 1.) The Complaint contained no

---

[1] Plaintiff filed charges of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") on August 19, 2002 and October 16, 2002, on the basis of age and disability. (Doc. No. 1 at 3.) Those filings did not include a charge of discrimination on the basis of race.

1

claim of discrimination based upon race.[2]  In the Joint Case Report filed on or about August 29, 2003, Plaintiff reiterated that her Complaint was based on age and disability discrimination. (Doc. No. 6 at 1.)  On March 8, 2004, almost a year after filing her Complaint, Plaintiff filed an Amended Civil Action Complaint ("Amended Complaint").  (Doc. No. 18.)  The Amended Complaint was the same as the original Complaint, but added a fifth count alleging reverse discrimination based upon race in violation of 42 U.S.C. § 1981.  (*Id.* at 8-9.)  Thereafter, Plaintiff advised Defendant that she would not pursue the age discrimination claim in Count One.  On December 21, 2004, we granted summary judgment as to Plaintiff's ADA claim and Plaintiff's PHRA claim and denied summary judgment as to Plaintiff's race discrimination claim under 42 U.S.C. § 1981 and her retaliation claim.  (Doc. No. 95.)

In June 2002, Defendant hired Marvin Kirkland ("Kirkland"), an African-American male as director of nursing.  (First Am. Compl., Doc. No. 27 ¶ 13.)  Kirkland supervised Plaintiff and other employees.  The factors motivating Plaintiff's termination are in dispute.  Plaintiff asserts that her termination was due to Kirkland's discriminatory animus.  (Mem. of Law in Opp'n to Mot. for Summ. J., Doc. No. 66 at 5.)  Specifically, Plaintiff alleges reverse discrimination based upon race in violation of 42 U.S.C. § 1981.  (*Id.* at 2-3.)

Defendant claims that Plaintiff was dismissed for performance-related reasons.  (Doc. No. 6 at 4-5.)  Plaintiff responds that she had received positive reviews throughout her tenure until Defendant hired Kirkland in 2002.  (Doc. No. 18 ¶¶ 15, 17.)

---

[2] The original Complaint in the instant case contained four counts:  (1) the claim under the ADEA; (2) the ADA claim; (3) the claim under 42 U.S.C. § 1981 alleging age discrimination; and (4) the claims under the PHRA.  (Doc. No. 1 at 6-8.)

Defendant files the instant Motion in Limine to preclude the following testimony or evidence at trial:

1. The Proposed Trial Exhibit 40 (Applicant Data Flow Sheet of Claire Illich);

2. Testimony and/or evidence related to the circumstances of Kirkland's separation of employment from Defendant;

3. Evidence or argument that Defendant has willfully failed to produce the Kirkland resignation letter;

4. Evidence or argument regarding the clinical education coordination records for the Crestview Center for calendar year 2002;

5. Evidence or argument regarding Defendant's failure to maintain employment applications from the Crestview Center;

6. The October 18, 2002 Clinical Education Coordination Report of Susan Bankert;

7. Testimony by Ellen Loughery of "pervasive discrimination" at Crestview.

(Doc. No. 67 at 1-2.)

## II. LEGAL STANDARD

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that, "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The Third Circuit has noted, "Rule 401 does not raise a high standard." *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 109-10 (3d Cir. 1999)

(citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 782-83 (3d Cir. 1994)).  The Third Circuit has stated:

> As noted in the Advisory Committee's Note to Rule 401, "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."  Because the rule makes evidence relevant "if it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove the fact."

*Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992) (quoting 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure:  Evidence § 5166, at 74 n.47 (1978)).

Under Federal Rule of Evidence 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  The Third Circuit has stated:

> However, the . . . prejudice against which the law guards [is] . . . unfair prejudice–
> . . . prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found.  Prejudice does not simply mean damage to the opponent's cause.  If it did, most relevant evidence would be deemed prejudicial.  However, the fact that probative evidence helps one side prove its case obviously is not ground for excluding it under Rule 403.  Excluded evidence must be unfairly prejudicial, not just prejudicial.

*Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) (internal citations omitted).

### III.  DISCUSSION

#### A.   Proposed Trial Exhibit 40 (Applicant Data Flow Sheet of Claire Illich)

During discovery, Plaintiff sought Applicant Flow Data for all positions at the Crestview Center during Kirkland's tenure.  (Doc. No. 67 at 1.)  Defendant produced its Applicant Data

4

Flow Sheets, with all names and addresses of applicants redacted. (*Id*.) Defendant claims it inadvertantly produced the Applicant Flow Sheet for Claire Illich without redacting her name and address. (*Id*.) Claire Illich's Applicant Flow Sheet ("Proposed Exhibit 40") reflects that she applied for the position of director of nursing in September 2002 and was not hired because Kirkland had just assumed this post in May 2002. (*Id*.) Defense counsel claims that Plaintiff's counsel stated in an August 25, 2004 telephone call that Plaintiff is unable to produce a labor economist report showing that Defendant's hiring practices reflected discriminatory animus during Kirkland's tenure because Defendant deliberately tainted its document production to provide overly inclusive data in order to prevent Plaintiff from producing such a report. (*Id*. at 1-2.) Defendant files the instant Motion to preclude the introduction of Proposed Exhibit 40 as irrelevant under Federal Rule of Evidence 401. (*Id*. at 2.) Plaintiff responds that she only intends to introduce Proposed Exhibit 40 for purposes of rebuttal in the event that Defendant attempts to present certain evidence or create certain impressions in its case-in-chief related to the alleged completeness of its applicant flow data production. (Doc. No. 98 at 2-3.)

  Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that "all relevant evidence is admissible" except as otherwise provided by the Constitution, the laws of Congress, or the Federal Rules of Evidence. Fed. R. Evid. 402. Throughout this lawsuit, the discovery process has been contentious and hostile. Evidence of Counsel's hostility or disputes surrounding production of documents is entirely irrelevant to the Plaintiff's race discrimination claim. We caution counsel for both parties that

we will not permit evidence related to discovery disputes during the upcoming trial. Arguments by either side about the completeness of the production of documents will not be tolerated. Plaintiff has indicated she will only introduce Proposed Exhibit 40 in rebuttal and only if Defense Counsel makes it relevant in Defendant's case. Plaintiff is directed not to attempt to offer Proposed Exhibit 40 or evidence related thereto without first discussing it with the Court out of the hearing of the jury.

### B. Testimony Regarding Kirkland's Separation From Crestview

Defendant argues that Plaintiff should be precluded from offering testimony or evidence related to Kirkland's separation from Defendant's employ. (Doc. No. 67 at 3.) We have already addressed this issue in a Memorandum and Order, also issued this day, in response to Defendant's initial Motion in Limine. (Doc. No. 65.) In that Memorandum we stated,

> Defendant argues that any evidence regarding Kirkland's separation from Defendant's employ or regarding his statement that he had "come into money" should be precluded because it is irrelevant and prejudicial. (Doc. No. 65 at 14-15.) Plaintiff responds that this evidence is relevant both as evidence of Kirkland's credibility, and also as circumstantial evidence of Kirkland's discriminatory animus towards Caucasian employees. Plaintiff contends that Kirkland falsified a medical document to protect an African-American nurse one week before his resignation. (Doc. No. 96 at 15-16.) Plaintiff seeks to introduce evidence of Kirkland's separation from Crestview as evidence that he gave preferential treatment to African-American employees and to support the argument that Kirkland's resignation was connected to Defendant's "conspiracy to conceal Mr. Kirkland's discrimination." (*Id*. at 16.) We agree with Plaintiff. . . . The circumstances surrounding Kirkland's termination bear directly on Kirkland's credibility and alleged discriminatory animus. Accordingly, we allow this evidence.

(Mem. and Order, Nov. 23, 2005 at 7.) Defendant's Motion to exclude testimony regarding Kirkland's separation from Crestview is denied as moot.

### C.     Discovery Arguments Regarding Kirkland's Letter of Resignation

Defendant argues that Plaintiff should be barred from introducing evidence that Defendant willfully failed to produce Kirkland's letter of resignation.  (Doc. No. 67 at 4-5.) Defendant asserts that it has "scoured its records and did not find a letter of resignation from Kirkland."  (*Id*. at 4.)  Plaintiff responds that she should be allowed to produce evidence of Defendant's failure to produce this letter because Kirkland testified that he submitted a letter of resignation, testimony which directly contradicts the deposition testimony of Carol McQuillan, Kirkland's supervisor at Crestview, that no such letter existed.  (Doc. No. 98 at 7.)  Plaintiff argues that "[a]n adverse inference that the letter, if produced, would have contained information unfavorable to Defendant is appropriate in this case."  (*Id*.)  Plaintiff cites *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir. 1995), for the proposition that the trier of fact may generally admit evidence of a document's non-production as evidence that the party that prevented the production did so out of fear that the contents would harm him.  (*Id*.)  However, Plaintiff fails to cite the language in *Brewer* that immediately follows this proposition:

> For the rule to apply, it is essential that the evidence in question be within the party's control.  Further, it must appear that there has been an actual suppression or withholding of the evidence.  No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.

*Id.* at 334 (citing 31A C.J.S. Evidence § 156(2); 29 Am. Jur. 2d *Evidence* § 177 ("Such a presumption or inference arises, however, only when the spoilation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").  In this case, Defendant

asserts that no letter of resignation ever existed, and that it thoroughly searched its documents to ascertain this. (Doc. No. 67 at 4.) We repeat our admonition that we will not permit evidence at trial of discovery disputes as these contentious disputes are entirely irrelevant to the substance of Plaintiff's race discrimination claim. However, Plaintiff may offer Kirkland's testimony regarding writing such a letter, and Plaintiff may also introduce McQuillan's testimony that no such letter exists as long as such offers comply with the Federal Rules of Evidence. The jury may draw whatever reasonable inference or inferences that flow from these facts.

   D.  **Clinical Education Coordinator Records For 2002**

  Defendant asserts that Plaintiff should be precluded from mentioning in her opening statement or presenting evidence to suggest that Defendant fabricated records it insists were written by Ellen Loughery until the issue of authentication is handled at trial. (Doc. No. 67 at 5.) Loughery, the clinical education coordinator, was responsible for evaluating the Staff Development Coordinators at nine of Defendant's facilities, including the one in which Plaintiff worked. (Doc. No. 98 at 8.) During Loughery's deposition, she was provided a copy of her handwritten evaluation of Plaintiff for the month of January 2002, which she acknowledged writing. (*Id*. at 9.) When presented with a conflicting computer report that Defendant proffered, which summarized the months of January, February, and March of 2002, Loughery stated, "[m]y handwritten document in January is different from this, so because I signed this and this is my handwriting, I know what I wrote here, I just don't know about this report." (Doc. No. 98 at Ex. E, pp. 52-53.) Furthermore, the computerized report includes the month of February 2002, despite the fact that Loughery stated that she did not go to Crestview on February 22nd as the report indicates because she was at the Sanatoga Center on a business trip that day. (*Id*. at 108.)

Plaintiff asserts that this evidence demonstrates that the computerized summary is manufactured. (Doc. No. 98 at 10.) Defendant argues that it will authenticate the computerized records through the testimony of other employees. (Doc. No. 67 at 5.)

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that, "all relevant evidence is admissible." Fed. R. Evid. 402. In the instant case, Plaintiff's performance is a central issue, because Defendant asserts that Plaintiff was terminated for performance problems. Accordingly, evidence of Plaintiff's performance or the fabrication of reports regarding Plaintiff's performance is of consequence to the determination of the lawsuit. Such evidence would tend to make Plaintiff's claim more or less probable than it would be without this evidence. Proper testimony regarding the Loughery reports will be permitted. While Defendant may authenticate these records through testimony of other witnesses, Plaintiff will also be permitted to question the credibility of such authentication as permitted by the Federal Rules of Evidence.

### E. Defendant's Failure To Maintain Employment Applications

Defendant argues that Plaintiff should be precluded from introducing evidence that it mistakenly destroyed active employment applications after three months and, therefore, retained no employment applications that arrived during Kirkland's tenure. (Doc. No. 67 at 6.) Defendant cites no authority for its argument. Plaintiff responds that Defendant violated Equal Employment Opportunity Commission Regulations, codified in the Code of Federal Regulations, by failing to retain employment applications for the required one-year period. Section 1602.14,

9

which deals with record-keeping and reporting requirements under Title VII and the ADA, provides:

> Any personnel or employment record made or kept by an employer (including but not necessarily limited to requests for reasonable accommodation, *application forms submitted by applicants and other records having to do with hiring*, promotion, demotion, transfer, lay-off or termination, rates of pay or other terms of compensation, and selection for training or apprenticeship) shall be preserved by the employer for a period of one year from the date of the making of the record or the personnel action involved, whichever occurs later.

29 C.F.R. § 1602.14 (emphasis added); *see also* 29 C.F.R. § 1627.3(b)(1) (in the section discussing records to be kept with regard to age, § 1627.3 provides: "[e]very employer, who, in the regular course of his business, makes, obtains, or uses, any personnel or employment records related to [job applications] . . . shall . . . keep them for a period of 1 year from the date of the personnel action to which any records relate."); 56 Fed. Reg. 35754-55 (July 26, 1991).

Plaintiff argues that the admitted failure of Defendant to comply with the record keeping requirements is relevant to this lawsuit. (Doc. No. 98 at 12.) We agree. We will allow Plaintiff to offer evidence of Defendant's failure to retain job applications for the required period.

### F.     Clinical Education Coordinator Susan Bankert's Report

Defendant seeks to preclude evidence of Susan Bankert's Report, an October 18, 2002 report auditing Plaintiff's replacement, Gail Bourne for compliance with record keeping and maintenance of records. (Doc. No. 67 at 6.) Defendant argues that this report does not reflect the quality of Bourne's work. (*Id*.) Plaintiff responds that the report should be admitted because it demonstrates Bourne's lack of qualifications. Bourne's qualifications are relevant, Plaintiff argues, because Defendant asserts that it terminated Plaintiff for performance problems. (Doc. No. 98 at 13.) We agree with Plaintiff that this report is relevant. Defendant argues that should

Plaintiff seek to use the Bankert Report to cast doubt on Bourne's qualifications, Defendant should be permitted to include one or more employees who would testify to Bourne's high quality work.  It is evident from Defendant's recently submitted witness list that it has included Christina Rivera who will testify regarding Gail Bourne's performance.  If Plaintiff attacks Bourne's qualifications, then Defendant's evidence in support of Bourne's performance will be permitted.

### G. Loughery's Testimony of Pervasive Discrimination

Defendant argues that Ellen Loughery should be precluded from testifying about "pervasive discrimination at Crestview during Kirkland's tenure" because her last day of employment with Defendant was Kirkland's first day of employment. (Doc. No. 67 at 7.) Plaintiff responds that Loughery's opinions are based on her perceptions and are therefore properly admitted as lay witness opinion. (Doc. No. 98 at 13.)

Federal Rule of Evidence 602 provides: "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  Federal Rule of Evidence 701 provides: "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are . . . rationally based on the perception of the witness." Fed. R. Evid. 701; *see Blakey v. Continental Airlines, Inc.,* No. 93-2194, 1997 WL 1524797, at *5 (D.N.J. Sept. 9, 1997) ("The core definitional terms of Rule 701 include: (1) that the opinion must be based upon personal knowledge; (2) that the opinion is rationally based thereon and (3) that the opinion is helpful to the trier of fact.").  In the instant case, Loughery's employment with Defendant ended one day after Kirkland began working at Crestview.  Under these

circumstances, we cannot see how Loughery could have reasonably perceived that pervasive discrimination existed during Kirkland's tenure at Crestview based. Accordingly, we will exclude Loughery's testimony about "pervasive discrimination during Kirkland's tenure." She may, however, testify regarding any incidents of discrimination she actually witnessed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine is granted in part and denied in part.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILL WATERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-CV-2909 |
| | : | |
| GENESIS HEALTH VENTURES, INC. | : | |
| | : | |

**ORDER**

AND NOW, this 23rd day of November, 2005, upon consideration of Defendant Genesis Health Ventures, Inc.'s Motion in Limine (Doc. No. 67) and Plaintiff Jill Waters's Response thereto (Doc. No. 98), it is ORDERED that Defendant's Motion is GRANTED in part and DENIED in part, consistent with the attached Memorandum.

IT IS SO ORDERED.

BY THE COURT:

S:/R. Barclay Surrick, Judge